(56 Misc. Rep. 667.)

### CLIFFORD v. DUFFY.

(Supreme Court, Appellate Term.  December 20, 1907.)

1. **LIMITATION OF ACTIONS—NEW ACTION AFTER NONSUIT OF FORMER ACTION.**
    Under Code Civ. Proc. § 405, providing that, where an action commenced within the time limited is terminated in any other way than by voluntary discontinuance, dismissal for neglect to prosecute, or final judgment on the merits, a new action may be commenced within one year after such termination, a plaintiff in an action for money loaned, brought after limitations had run against it, who claims that the action was brought within one year after the termination by nonsuit of an action thereon brought before the running of the statute, must prove it, to recover, unless it is admitted.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 553–566, 713.]

2. **JUDGMENT—PLEADING JUDGMENT.**
    In an action for money loaned, brought after limitation had run against it, an answer which alleges that defendant recovered judgment on the merits in a former action does not admit that the former action was terminated by nonsuit, under Code Civ. Proc. § 405, providing that, where an action is commenced within the time limited therefor and it is terminated in any other way than by voluntary discontinuance, dismissal for neglect to prosecute, or final judgment on the merits, a new action may be commenced within one year after the termination.

    Ford, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Mary Clifford against Thomas Duffy.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

J. J. Bennett, for appellant.
Paul Jones, for respondent.

GILDERSLEEVE, P. J.  The plaintiff sued upon a claim for money loaned to the defendant, and recovered a judgment.  The complaint alleged that between August 20, 1897, and February 1, 1898, the plaintiff loaned to the defendant the sum of $387, to be paid in one year; that the defendant made several payments to the plaintiff, aggregating in amount the sum of $135; and "that the last payment, amounting to $2, was made on or about August 27, 1900."  The answer denied the allegations of the complaint and set up the statute of limitations.  The proof showed that no payments were made to apply upon the loan later than 1900.  At the close of the plaintiff's case the defendant moved to dismiss the complaint, upon the ground that the statute had run against the claim.  This motion was denied.  At the close of the entire case this motion was renewed, and again denied.

It appears, by an allowed amendment to the record, that when the motion to dismiss was made a colloquy took place between the counsel and the court, substantially as follows:  The plaintiff's counsel said that an action was commenced on August 2, 1906, that at the trial the plaintiff was nonsuited, that the former action was brought within the time limited by the statute, that under section 405 of the Code of Civil Procedure, the plaintiff had one year after the termination of

the first action within which to bring a second one, and that, as the present action was brought within the year thus provided, the defendant's motion should be denied. The court said: "But you have not proved by your witness that a former action was brought as you stated." Plaintiff's counsel: "Your honor, all that is admitted by the defendant, and, besides, he sets up this matter in his answer as a defense." The respondent's counsel claims that this discussion discloses the fact that a former action was brought within the statutory period and terminated by a nonsuit, and that the present action was brought within one year after the termination of the first. It will be noticed that the plaintiff's counsel said, in response to the suggestion of the court that there was no proof of the fact of a former action having been brought, etc.: "All that is admitted by the defendant, and, besides, he sets up this matter in his answer as a defense." The defendant made no such admission, and this statement of the plaintiff's counsel cannot be regarded as an admission of any fact other than what is set up in the answer; and proof that the action was terminated by a nonsuit was an essential to entitle plaintiff to recover. The admission in the answer is as follows:

"For a further answer and defense, that on or about the 3d day of December, 1906, in an action brought in this court by the plaintiff against the defendant for the same cause of action as set forth in the complaint herein, said defendant recovered a judgment duly given upon the merits thereof against said plaintiff, dismissing the complaint herein upon the merits, with $10 costs."

If the plaintiff relies upon this pleading as an admission, he must take the entire admission, and that is fatal to his recovery in the present state of the proof. Section 405, supra, provides that:

"If an action is commenced within the time limited therefor and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, or a dismissal of the complaint for neglect to prosecute or a final judgment on the merits, . * * * a new action may be commenced after the expiration of the time limited and within one year after such reversal or termination."

Unless, therefore, the plaintiff could show that an action had been commenced between the parties for the same cause of action within the time limit, and had been terminated in one of the ways set forth in that section, but not by a final judgment on the merits, and that the present action was begun within one year after such termination, he must fail in this action; for his own proof showed that the statute of limitations had otherwise run against his claim, and he could not recover. There was no proof whatever in the case as to these essential facts, and the allegation in the answer, heretofore quoted, does not aid the plaintiff; for it shows that in the former action a judgment was rendered in favor of the defendant "on the merits," which is a final judgment, and an effectual bar to another action between the parties for the same cause of action. The judgment herein must therefore be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

McCALL, J., concurs. FORD, J., dissents.