## THOMAS v. CITY OF NEW YORK.

### (Supreme Court, Appellate Term. May 17, 1910.)

LIMITATION OF ACTIONS (§ 130*)—COMPUTATION OF PERIOD—COMMENCEMENT OF ACTION—DISMISSAL—COMMENCEMENT OF NEW ACTION.

In an action for the death of a horse caused by an accident, for which the limitation prescribed by Greater New York Charter (Laws 1901, c. 466) § 261, as amended by Laws 1906, c. 550, is one year, evidence of a prior action by the same plaintiff against the same defendant, which was dismissed on the ground of want of jurisdiction, without any showing that the former action was for the same cause, or that it was commenced within a year, does not entitle the plaintiff to the benefit of Code Civ. Proc. § 405, providing that, if an action is commenced within the time limited therefor, the plaintiff may commence a new action for the same cause.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 553–566; Dec. Dig. § 130.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by John Thomas against the City of New York. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

A. R. Watson (Theodore Connoly and Loyal Leale, of counsel), for appellant.

Joseph S. Klein, for respondent.

SEABURY, J. Plaintiff sues to recover damages for an injury, resulting in the death of a horse, sustained in an accident which occurred November 14, 1906. The action is against the city of New York. Section 261 of the Greater New York charter (Laws 1901, c. 466, as amended by Laws 1906, c. 550), requires that such an action shall be commenced within one year. It appears that an action by "John Thomas, plaintiff, against the City of New York, defendant," was commenced in the City Court of the city of New York, and that in that action an order was duly made on February 10, 1909, directing that said action—

"be and the same hereby is discontinued, without costs to either party as against the other, with the same force and effect as if the complaint herein

had been dismissed upon the trial of this action, on the ground that the said court had no jurisdiction of the subject-matter or the person of the defendant."

. It is provided by section 405 of the Code of Civil Procedure that:
"If an action is commenced within the time, limited therefor, * * * the plaintiff * * * may commence a new action for the same cause."

This provision of the statute does not avail the plaintiff in this action, because the record discloses no evidence showing that the City Court action was for the same cause of action as that upon which the plaintiff now sues, nor is there any evidence to establish that the action in the City Court was commenced within the year prescribed by section 261 of the Greater New York charter. Clifford v. Duffy, 56 Misc. Rep. 667, 107 N. Y. Supp. 809.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.